UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. CALKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00760-JST<br><br>**ORDER GRANTING MOTION FOR REMAND**<br><br>Re: ECF No. 18 |

In this putative class action for state-law claims arising out of the unauthorized recording of telemarking calls, Plaintiff Calkins moves to remand the action to the Superior Court of Santa Clara County. As the motion is suitable for determination without oral argument, the hearing scheduled for June 27, 2013, is VACATED. For the reasons set forth below, the motion is GRANTED.

**I.  BACKGROUND**

Plaintiff David Calkins brings this action against Defendants Google and TeleTech Services on his own behalf and on behalf of "[a]ll persons in California" whose telephone conversations with persons calling on behalf of Google were recorded without their authorization. First Am. Compl. ("FAC") ¶ 11, ECF No. 1, Ex. B. Google hired TeleTech to make the calls on its behalf regarding its AdWords service. Id. ¶ 8.

Calkins alleges that three days after he registered for Google's AdWords service, he received two separate phone calls from TeleTech customer service representatives to discuss the service. Id. ¶ 6. Calkins had no reason to believe the calls were being recorded and never consented to the recording of the calls. Id. Yet, at the end of the second call, a customer service representative told Calkins that all telephone conversations with representatives "who call on

behalf of Google are recorded." Id.

Calkins claims that Google and Teletech violated California Penal Code Section 632 by recording the telephone calls that Teletech made on Google's behalf with respect to the AdWords service.[1] Id. ¶¶ 14-20. In the complaint, Calkins alleges that the class has at least 500 members and that every person who had a conversation recorded in violation of Section 632 is entitled to statutory damages in the amount of $5,000 per call. Calkins, however, does not allege the total amount of damages he seeks on behalf of the putative class.

TeleTech removed the action from the Superior Court of Santa Clara County on February 20, 2013, under the Class Action Fairness Act ("CAFA"). ECF No. 1.

Calkins moves to remand the action on the grounds that TeleTech has not met its burden to show that removal under CAFA was proper. In the alternative, Calkins argues that, even if removal under CAFA was proper, the Court must remand the action under CAFA's local controversy exception. ECF No. 18.

## II. STANDARD OF REVIEW

"A civil action in state court may be removed to federal district court if the district court had 'original jurisdiction' over the matter." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Homes Loans Serv., LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. Id. at 566-67.

## III. DISCUSSION

As amended by CAFA, "28 U.S.C. § 1332(d) vests district courts with original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed

---

[1] California Penal Code Section 632 makes it a crime for a party to a telephone call to record the conversation without disclosing the recording to the other party if the other party has an objectively reasonable expectation that the conversation will not be recorded and is confidential.

2

plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk, 479 F.3d at 997 (citing 28 U.S.C. § 1332(d)) (internal quotation marks omitted). "[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

Calkins moves to remand this action on the basis that TeleTech failed to meet its burden to establish that removal under CAFA was proper. Specifically, Calkins argues that TeleTech has failed to show that (1) the amount in controversy exceeds $5 million; and (2) the notice of removal was timely. The Court addresses each of these arguments in turn.

**A.  Amount in Controversy**

In the context of removal jurisdiction under CAFA, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Id. at 683 (citation omitted).

Here, the complaint does not specify the amount of damages that Calkins seeks on behalf of the putative class. Instead, the complaint alleges merely that "every person who had one or more of their confidential telephone conversations with Defendants recorded without their consent is entitled to statutory damages in the amount of $5,000" and that the putative class contains "not less" than 500 individuals. FAC ¶¶ 3, 12. Accordingly, TeleTech, the party seeking removal under CAFA, must establish by a preponderance of the evidence that the amount in controversy is at least $5 million.

In the notice of removal, Teletech states that it recorded at least 1,000 phone calls on behalf of Google in California during the class period, which ranges from February 24, 2009, to February 20, 2013. Not. of Removal at 2; see also Kirchgessner Decl. ¶ 4. Teletech contends that this action satisfies CAFA's amount-in-controversy requirement because there are more than 1,000 calls in controversy and each of those calls could result in damages of $5,000, for a total that exceeds $5 million.

Calkins argues that Teletech's showing does not satisfy its burden of proof with respect to

1   the amount in controversy, because Teletech's showing pertains to each of the calls that it
2   recorded, whereas only a subset of those calls are at issue in this action, namely the calls that it
3   recorded without authorization. In other words, Calkins argues that TeleTech cannot satisfy its
4   burden of proof unless it submits evidence showing that it recorded 1,000 or more phone
5   conversations *without authorization*.

6   A recent decision of the Ninth Circuit is helpful in evaluating whether TeleTech's
7   allegations are sufficient to meet the amount-in-controversy requirement under CAFA. In Lewis
8   v. Verizon Communications, Inc., 627 F.3d 395 (9th Cir. 2010), the plaintiffs claimed that Verizon
9   billed them for a premium service they never ordered. Id. at 399. Verizon removed the action to
10  federal court. In support of its notice of removal, Verizon filed a declaration stating that its total
11  billings for the premium service at issue was greater than $5 million in California. Id. at 400. The
12  district court remanded the case, holding that a showing of Verizon's total billings could not
13  establish CAFA's amount-in-controversy requirement because the plaintiffs were seeking
14  compensation only for unauthorized billings, and not for all billings. Id. The Ninth Circuit
15  reversed the district court, holding that Verizon's showing established by a preponderance of the
16  evidence that the amount in controversy exceeded $5 million dollars:

> The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. To establish the jurisdictional amount, Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5 million of the billings were 'unauthorized' within the meaning of the complaint.

21  Id. at 400 (internal citation omitted).

22  In light of Lewis, the Court concludes that Teletech has satisfied its burden to show by a
23  preponderance of the evidence that the amount in controversy in this case exceeds $5 million.
24  TeleTech need not concede that it recorded at least 1,000 confidential phone calls without
25  authorization. It is sufficient that it has admitted to recording over 1,000 phone calls in California,
26  as this establishes that its potential liability exceeds $5 million. Accordingly, Calkins' motion to
27  remand for failure to satisfy CAFA's amount-in-controversy requirement must be denied.

**B.     Timeliness**

A party seeking removal must file a notice of removal within 30 days after receiving the initial pleading. See 28 U.S.C § 1446(b)(1). Alternatively, if the ground for removal is not apparent in the initial complaint, a party seeking removal must file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C § 1446(b)(3).

Calkins argues that TeleTech's notice of removal was not timely for two reasons, neither of which is persuasive.

First, Calkins argues that the 30-day period for removal under Section 1446(b)(1) began to run when Teletech was served with the FAC even though that pleading did not state the amount in controversy. Calkins argues that the notice of removal was therefore untimely, because Teletech did not remove within this 30-day window. For the 30-day period under Section 1446(b)(1) to begin, "the ground for removal must be revealed affirmatively in the initial pleading." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005). Here, the FAC is devoid of any allegation showing that the amount in controversy exceeds CAFA's $5 million threshold or that the number of purported violations of Section 632 is greater than 1,000. Because the ground for removal under CAFA was not revealed affirmatively in the FAC, the 30-day window under Section 1446(b)(1) never began to run. Accordingly, the notice of removal was not untimely on this basis.

Second, Calkins argues that the 30-day period for removal under Section 1446(b)(3) began to run "as soon as Teletech became aware of this lawsuit" because, at that time, it had "possession of reports that indicated the number of . . . disputed calls." Mot. at 7 (internal citations omitted). Calkins contends that these reports are "other paper" under Section 1446(b)(3) that would have allowed TeleTech to determine that it had recorded more than 1,000 calls and, therefore, that this case was removable.

Though the Ninth Circuit has not defined the scope of the term "other paper" within the meaning of Section 1446(b)(3) or addressed the question of whether a defendant can receive "other paper" from itself, the plain language of the statute is clear that "other paper" refers to a

5

document received from another person or party in connection with the litigation. 28 U.S.C. § 1446(b)(3) (statute begins to run only "after *receipt* by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable"). Here, TeleTech never "received" the reports at issue, because they were within TeleTech's possession at all times, and would have been so regardless of this litigation. TeleTech's possession does not constitute the type of "receipt" contemplated by Section 1446(b)(3).

Extending the meaning of "receipt" to cover documents that were never transferred to TeleTech would also require the Court to inquire into TeleTech's subjective knowledge to determine the time at which it first became aware of such documents and the grounds for removability; such an inquiry is disfavored by the Ninth Circuit:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely *on the face of the initial pleading and on the documents exchanged in the case by the parties* to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Harris, 425 F.3d at 695 (citation omitted) (emphasis added).

Because the reports at issue are not "other papers" and thus never triggered the 30-day period under Section 1446(b)(3), Teletech's notice of removal was not untimely under Section 1446(b)(3).

Accordingly, Calkins' motion to remand on the basis that removal was untimely must be denied.

**C.      Local Controversy**

Calkins argues that, even if removal under CAFA was proper, the Court must nevertheless remand this action because it falls within CAFA's "local controversy" exception.

Under 28 U.S.C. § 1332(d)(4)(A), a court "shall decline" jurisdiction of a class action properly removed to federal court under CAFA if:

6

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> > (a) from whom significant relief is sought by members of the plaintiff class;
> > (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > (c) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

The party seeking to remand under CAFA's local controversy exception bears the burden of proving the applicability of the exception. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007) (holding that "although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)").

Here, Calkins has met his burden to show that this action falls within CAFA's "local controversy" exception. Accordingly, Calkins' motion to remand on this basis is GRANTED.

First, Calkins has shown that more than two-thirds of the proposed class members likely are California citizens. The class definition in the complaint includes "[a]ll persons in California . . . who . . . spoke on the telephone with a customer service representative who called on behalf of Google and were not advised . . . that it was being or might be recorded." FAC ¶ 11. While it is possible that not every person who TeleTech called in California actually is domiciled in California, it is at least probable that more than two-thirds of the individuals who were called in California are domiciled there.

Second, Calkins has shown that at least one defendant whose conduct forms a significant basis for the claims asserted, and from whom significant relief is sought, is a citizen of California. No party disputes that Google is a citizen of California. Though TeleTech argues that Google's conduct was not sufficiently significant to form the basis of Calkins' claims, the Court disagrees. Calkins alleges that Google hired TeleTech to make the calls at issue on its behalf. See FAC ¶¶ 1, 8. But for Google, the calls at issue would not have been made. The allegations in the complaint

raise the inference that Google exerted control over TeleTech with respect to the calls at issue, which is sufficient to establish that Google's conduct was sufficiently significant to form the basis of Calkins' claims. Moreover, Calkins alleges that TeleTech acted merely as Google's agent. This is enough to show that Calkins seeks significant relief from Google.

Third, Calkins has shown that the principal injuries at issue occurred in California, as the class definition includes only individuals who received calls "in California." FAC ¶ 11.

TeleTech argues that this action is not "local" because it made the calls at issue as part of a nationwide marketing campaign, and thus, TeleTech could face liability in other states. The Court is not persuaded by this argument.

"CAFA was enacted, in part, to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation and internal quotation marks omitted). Cases of national importance are ones in which the plaintiff alleges conduct that could have created actionable controversies in many states under the same legal theory; in these cases, courts retain jurisdiction under CAFA on the ground that the cases do not present controversies that are truly local. See, e.g., Phillips v. Kaiser Foundation Health Plan, Inc., C 11-cv-02326 CRB, 2011 WL 3047475, at *5 (N.D. Cal., July 25, 2011) (holding that a case involving claims arising out of California's consumer protection laws is not "local" because "the same [legal] theory would support liability under other states' consumer protection laws as well").

This action does not present questions of national importance. While claims brought under one state's consumer protection laws, like the ones in Phillips, may be actionable under the consumer protection laws of other states, claims for the unlawful recordation of telephone calls under California Penal Code Section 632, like the ones here, are not similarly actionable nationwide. That is because only a "handful" of states have statues similar to Section 632. Reply at 5. For this reason, even if TeleTech made nationwide calls on Google's behalf, the Court concludes that the principal injuries in this case were suffered in California.

//

## IV. CONCLUSION

Calkins' motion to remand on the basis that this action falls within CAFA's "local controversy" exception is GRANTED. The Clerk shall mail a copy of this order to the Superior Court of Santa Clara County and terminate this action.

**IT IS SO ORDERED**.

Dated: July 12, 2013

_____
JON S. TIGAR
United States District Judge